(Pleito No. 135.—Fallado el 13 de Julio de 1901.)

## Roig contra Roig.

Recurso contra sentencia dictada por la Corte de Distrito de Humacao.

1.—Interpretación de los contratos. Cuando en una escritura reconociendo haber recibido una suma de dinero y otorgando carta de pago y finiquito, resulta error manifiesto en la suma, puede subsanarse el error en cuanto á este particular, sin declararse nula la carta de pago.

2.—Recursos. No procede recurso de casación contra el considerando de un Tribunal, por ser hipotético ó estar equivocado, cuando no constituye fundamento esencial y necesario del fallo. Son requisitos necesarios para resolver el recurso de casación, precisar separadamente los errores de hecho y los de derecho y citar la ley ó doctrina infringida en apoyo de dicho recurso.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á trece de Julio de mil novecientos uno, en los autos que ante Nos penden, en virtud de recurso de casación, por infracción de ley seguidos en el Tribunal de Distrito de Humacao por Don Francisco Roig Bayonet, propietario y vecino del pueblo de Las Piedras, con Don Manuel Roig Ayxemus, hacendado de la misma vecindad, sobre cobro de pesos, habiendo representado y defendido al primero ante este Tribunal, el Letrado Don José de Guzmán Benítez, y al segundo, el Licenciado Don Rafael López Landrón.—Resultando: Que en la escritura de liquidación y partición del capital hereditario del difunto Don Fernando Roig Ayxemus, otorgada en la ciudad de Barcelona de España, á dos de Septiembre de mil ochocientos setenta y cinco, entre otras cosas se hizo constar que el total de dicho haber montaba quinientas once mil novecientas cincuenta y nueve pesetas, ochocientas setenta milésimas, ó sean, tres mil ciento sesenta y tres pesetas diez y siete céntimos en el ajuar y alhajas del finado, y quinientas ocho mil setecientas noventa y seis pesetas setecientas milésimas, representadas por el activo que arrojaban sus libros de contabilidad, figurando entre los cargos

del caudal, nueve mil trescientas noventa y seis pesetas ciento quince milésimas, que se adeudaban á Don Francisco Roig Bayonet por su legítima materna y que con otras partidas de cargo daban el pasivo de ciento sesenta y cuatro mil cuatrocientas cincuenta y dos pesetas quinientas cuarenta milésimas, quedando, por tanto, un haber líquido partible, de trescientas cuarenta y siete mil quinientas siete pesetas trescientas treinta milésimas, de las que correspondieron á Don Francisco Roig Bayonet, setenta y cuatro mil cuatrocientas sesenta y cinco pesetas con ochocientas cincuenta y seis milésimas, en concepto de herencia paterna, sin que para el pago de ésta ni de su herencia materna, conste se le adjudicaran bienes determinados.—Resultando: Que por otra escritura pública otorgada en el pueblo de Hato-Grande, de esta Isla, á veinte y cuatro de Enero de mil ochocientos noventa y siete, Don Francisco Roig Bayonet confesó haber recibido de su tío y tutor Don Manuel Roig Ayxemus, la cantidad de setenta y cuatro mil cuatrocientas sesenta y cinco pesetas y ochocientas cincuenta y seis milésimas, en la moneda entonces corriente, importe de su herencia materna y paterna, por consecuencia del fallecimiento de sus padres Don Fernando Roig y Doña Fructuosa Bayonet, é igualmente se da por satisfecho de las rentas pupilares durante su menor edad, sin que nada tenga que reclamar por ese concepto, ni ningún otro, por lo que constituye á favor de su expresado tío y tutor, la más eficaz carta de pago y finiquito en forma, se obliga á no reclamar la suma pagada, ni tampoco renta alguna, y autoriza á Don Manuel Roig para el cobro de lo que le corresponda, haciendo las negociaciones que le parezcan conducentes.—Resultando: Que en tres de Septiembre del año próximo pasado, Don Francisco Roig Bayonet dedujo demanda ante el Tribunal de Distrito de Humacao, en la que haciendo uso de la acción personal que le compete, invocó como hechos los que se dejan expuestos, derivados de las escrituras públicas de dos de Septiembre de mil ochocientos setenta y cinco y veinte y cuatro de Enero de mil

ochocientos noventa y siete, ya mencionadas, de las cuales conjuntamente apreciadas se desprende que hubo error recayente sobre la sustancia de la cosa objeto de la carta de pago, toda vez que en ésta confiesa haber recibido la suma de catorce mil ochocientos noventa y tres pesos con diez y siete centavos, moneda especial, como importe de sus herencias materna y paterna, cuando según la primera de dichas escrituras, la cantidad indicada representa únicamente su herencia paterna, faltándole en su consecuencia por percibir con sus intereses el valor de su legítima materna ascendente á nueve mil trescientas noventa y seis pesetas españolas con ciento quince milésimas ó sean mil ochocientos setenta y nueve pesos con veinte y dos centavos de igual moneda, que reducidos á moneda especial dan dos mil trescientos setenta y siete pesos con ochenta y dos centavos de dicha moneda y mil cuatrocientos veinte dollars con setenta y nueve centavos de la moneda hoy legal, como también le falta por percibir de la herencia paterna, que se fijó en moneda española, la diferencia entre esa moneda y la provincial ó especial, diferencia que calculada al tipo medio de veinte y seis por ciento da el total de tres mil ochocientos setenta y dos pesos con veinte y dos centavos, ó sean dos mil trescientos veinte y tres dollars, sin que por tanto la carta de pago otorgada pueda extinguir totalmente la obligación de Roig Ayxemus en razón á estar viciada de nulidad en lo que se refiere á la cancelación de la obligación de entregar la legítima materna con sus rentas y á la diferencia del cambio de la moneda; é invocando como fundamentos de derecho los artículos 1,157, 1,174, 1,265, 1266 y 1,301 del Código Civil, suplicó fuera condenado Don Manuel Roig Ayxemus á pagarle el importe de su legítima materna montante á mil ochocientos setenta y nueve pesos con veinte y tres centavos españoles ó su equivalente en oro americano, las rentas pupilares de dicha materna al tipo del seis por ciento anual desde el dos de Septiembre de mil ochocientos setenta y cinco hasta la fecha, el importe de lo dejado de percibir de la herencia paterna

por razón de la diferencia de valor entre la moneda española y la provincial al tipo medio del veinte y seis por ciento, lo que, representa tres mil ochocientos setenta y dos pesos especïales con veinte y dos centavos ó sean dos mil trescientos veinte y tres dollars con treinta y tres centavos y por último los intereses de esa última cantidad desde el veinte y cuatro de Enero de mil ochocientos noventa y siete hasta la fecha, ascendente á quinientos dos dollars con sesenta centavos, cuyas partidas dan el total de seis mil cuatrocientos sesenta y dos dollars setenta y dos centavos, imponiéndose al demandado las costas del juicio.—Resultando: Que Don Manuel Roig Ayxemus en contestación á la demanda expuso como hechos que en la cuenta divisoria del caudal relicto por Don Fernando Roig Ayxemus, al mencionar las bajas de la masa general de bienes, se limitaron los interesados, por lo que atañe á Don Francisco Roig Bayonet, á consignar la deuda del causante á su favor por el importe de su legítima materna, ascendente á nueve mil trescientas noventa y seis pesetas, ciento quince milésimas, moneda española, sin que para pago de ese crédito se adjudicaran al demandante bienes de clase alguna; que tampoco se le adjudicaran bienes determinados para pago del valor representativo del total de su herencia paterna, proveniente ya de la legítima forzosa, ya de la parte de líbre disposición del caudal, cuyo total montaba catorce mil ochocientos noventa y tres pesos españoles con diez y siete centavos; que cuando Don Francisco Roig Bayonet llegó á la mayor edad reclamó de su tutor Don Manuel Roig Ayxemus sus haberes hereditarios por paterna y materna, y como se le objetase que sus derechos y acciones, recayentes sobre existencias de una casa de comercio de la ciudad de Barcelona, en liquidación, no podían determinarse, desde luego convinieron ambos en la compra-venta de dichos derechos y acciones, sin reservas para lo futuro, sea cual fuere el resultado de la liquidación definitiva de la casa comercial de Barcelona, habiendo vendido en efecto Roig Bayonet á Roig Ayxemus, por precio de catorce mil

ochocientos noventa y tres pesos diez y siete centavos, moneda provincial corriente entonces, todos sus derechos y acciones hereditarios de progenie paterna y materna, y para hacer constar el pago de ese precio y el absoluto finiquito de toda diferencia, por razón de cuentas tutelares, se otorgó la carta de pago de veinte y cuatro de Enero de mil ochocientos noventa y siete; que no había ocurrido, por tanto, que Don Manuel Roig Ayxemus manifestase á su antiguo curado Don Francisco Roig Bayonet, que el importe de sus herencias reunidas sumase catorce mil ochocientos noventa y tres pesos diez y siete centavos provinciales, porque aparte de que no era esa la verdad, á ambos constaba por el testimonio de la cuenta divisoria tenida á la vista cual fuera aquel importe, y tampoco es de creer que Roig Bayonet cerrara negociaciones de caudales y derechos de que no tuviera noticia propia; que lo que pasó fué que Roig Bayonet vendió por efectivo de contado, percibido en el acto, valores nominales ilíquidos y lejanos, y Roig Ayxemus los compró quitando así de sus hombros, á costa de aquel sacrificio de numerario que aprontaba, las enojosas responsabilidades de una cuenta y razón de bienes y productos que de recibirlos el heredero, tales como estaban, no podían satisfacer los proyectos que se hubiera trazado; que si bien es cierto que al relatar las partes los precedentes del negocio incurrieron en la equivocación puramente material ó indiferente, de sentar que los derechos hereditarios paterno y materno de Don Francisco Roig Bayonet, sumaban setenta y cuatro mil cuatrocientas sesenta y cinco pesetas ochocientas cincuenta y seis milésimas, en vez de ochenta y tres mil ochocientas sesenta y una pesetas con novecientas setenta y una milésimas, toda duda se hizo desaparecer en las cláusulas del otorgamiento, pues en la primera Don Francisco Roig Bayonet, confiesa haber recibido catorce mil ochocientos noventa y tres pesos diez y siete centavos provinciales, por importe de sus herencias paterna y materna, en la segunda se da por satisfecho de todas las rentas pupilares, las que se

le habían pagado con creces, y en las tercera y cuarta otorga la más eficaz carta de pago y finiquito, que tanto vale, como saldo de toda clase de cuentas para la mayor seguridad del que fué su tutor, estipulando daños y perjuicios para el caso de reclamar contra el comprador de sus herencias y renunciando cuantas leyes pudiera invocar, y por último, en la cláusula quinta autoriza al adquirente de los bienes hereditarios para liquidarlos y percibirlos en Barcelona, como prueba de que no fué el contrato entrega de herencia, sino pago de su precio convenido; y que el demandante, al invocar la acción de nulidad que lleva consigo la invalidación de lo convenido y la restitución de las cosas á su estado primitivo, no viene á intentar otra cosa que el aumento del precio, so pretexto de error, que de ninguna manera puede ser sustancial; é invocando como fundamentos de derecho los artículos 1,255, 1,266, 1,445 y 1,450 del Código Civil, concluyó suplicando que, teniéndose por alegada la excepción de falta de acción, se declare improcedente la demanda, absolviéndole de ella con las costas á la parte actora.— Resultando: Que practicadas las pruebas propuestas por las partes, el Tribunal del Distrito de Humacao, por sentencia de veinte y ocho de Diciembre último, condenó á Don Manuel Roig Ayxemus, á que en el término de quinto día pague á Don Francisco Roig Bayonet, la cantidad de nueve mil trescientas noventa y seis pesetas españolas con ciento quince milésimas, ó sean, mil ochocientos setenta y nueve pesos veinte y tres centavos, de igual moneda, ó su equivalente en la moneda circulante en el país el día del pago, y declaró sin lugar la demanda, en cuanto reclama el actor la diferencia de moneda entre las setenta y cuatro mil cuatrocientas sesenta y cinco pesetas ochocientas cincuenta y seis milésimas españolas, y lo que debió percibir en pesos provinciales, los intereses de esa cantidad y las rentas pupilares de la legítima materna, sin especial condena de costas. — Resultando: Que contra dicha sentencia ha interpuesto Don Manuel Roig Ayxemus recurso de casación

por infracción de ley, autorizado por los números 1º y 6º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos los siguientes:—1º Infracción del artículo 1,265 del Código Civil por aplicación indebida, sin relacionarlo con el 1,266.—2º Infracción del artículo 1,266 ya citado, por considerarse error sustancial el de pura cantidad.—3º La del artículo 1,459 del mismo Código en sus números 1º y 2º por aplicación indebida, puesto que no se trata fundamentalmente de contrato de tutor y pupilo, entre mandatario y mandante, concerniente á los bienes administrados á la sazón.—4º La del artículo 1,281 también del Código Civil porque no se está á la literal significación de las cláusulas de la carta de pago otorgada.—5º · La del artículo 1,303 del propio cuerpo legal, porque estimándose la nulidad de la carta de pago por error sustancial, eso no obstante se le da eficacia legal como fundamento de la acción ejercitada por el actor, en vez de mandar que restituya el dinero recibido.—6º Error de hecho y de derecho en la apreciación de todas las cláusulas del otorgamiento de la carta de pago y finiquito de veinte y cuatro de Enero de mil ochocientos noventa y siete, en cuanto se supone que ellas contienen entrega pura de herencia de numerario y no compra de derechos y acciones ilíquidos hereditarios por paterna y materna.—7º Error de hecho y de derecho en la apreciación de la cuenta divisoria del caudal de Don Fernando Roig Ayxemus, suponiéndola también partición de herencia de numerario y no de créditos y valores determinados.— Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que la sentencia recurrida no declara nula la escritura de carta de pago y finiquito, otorgada en veinte y cuatro de Enero de mil ochocientos noventa y siete por Don Francisco Roig Bayonet á favor de Don Manuel Roig Ayxemus, sino que se limita á condenar al segundo á que pague al primero el montante de su herencia materna, por estimar que sólo le había sido entregada la paterna, atendidos los términos del expresado

documento; con lo cual es claro que aunque se haya ca-
lificado de error sustancial por el Tribunal *a quo* en uno
de los considerandos del fallo el cometido al confesar Roig
Bayonet en aquella escritura que había recibido de Roig
Ayxemus la suma de setenta y cuatro mil cuatrocientas
sesenta y cinco pesetas ochocientas cincuenta y seis milé-
simas, importe de su herencia materna y paterna, cuando
precisamente esa cantidad únicamente representa la herencia
paterna, contra tal calificación no cabe recurso alguno,
por no afectar al fallo recurrido el cual no anula, según
se deja dicho, la carta de pago, sino que la deja subsistente.—
Considerando: Que por las razones expuestas no han sido
infringidos en la sentencia los artículos 1,265 y 1,266 del
Código Civil, que cita la parte recurrente en el 1º y 2º mo-
tivo del recurso, pues ha dejado de aplicar el primero al
no declarar nula la carta de pago y aplicó el segundo
al ordenar que Roig Ayxemus pague á Roig Bayonet el im-
porte de su herencia materna, subsanándose ó corrigiéndose
así el error de cuenta ó cantidad cometido; como tampoco se
ha infringido el artículo 1,303 del propio Código, pues
no habiéndose declarado la nulidad de la carta de pago
no puede tener aplicación ese precepto legal.—Considerando:
Que la infracción del artículo 1,459 del Código Civil en sus
números 1º y 2º que se alega en el tercer motivo del recurso,
no puede dar lugar á la casación del fallo por referirse
á un considerando que además de ser hipotético no es funda-
mento esencial y necesario del mismo; y que el artículo 281
del propio Código, que se cita como infringido en el 4º mo-
tivo, no aparece que lo haya sido por cuanto el Tribunal
*a quo* se atuvo al precepto que contiene, calificando de carta
de pago y no de compra-venta la escritura de veinte y cuatro
de Enero de mil ochocientos noventa y siete.—Considerando:
Que en los motivos 6º y 7º del recurso no se precisa
cuales son los errores de hecho y cuales los de derecho come-
tidos en la apreciación de la prueba ni tampoco para funda-
mentar los errores de derecho se cita la ley ó doctrina

legal infringida, requisitos necesarios para resolver el recurso de casación cuando se estima comprendido en el número 7° del artículo 1,690 de la Ley de Enjuiciamiento Civil, aparte de que en el caso presente se supone autorizado por los números 1° y 6° de la ley citada.—Fallamos: Que debemos declarar y declaramos no haber lugar, con las costas, al recurso de casación interpuesto por Don Manuel Roig Ayxemus contra la sentencia que en veinte y ocho de Diciembre último dictó el Tribunal de Distrito de Humacao; y con devolución de los autos líbrese la correspondiente certificación á dicho Tribunal á los efectos procedentes.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José M.ª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario sustituto, en Puerto Rico á trece de Julio de mil novecientos uno.— Eugenio Alvarez, *Secretario sustituto.*